**UNITED STATES BANKRUPTCY COURT**  **Hearing date: September 16, 2020**
**EASTERN DISTRICT OF NEW YORK**  **@ 10:00 am**

-------------------------------------------------------------X

**In re:**  **Chapter 11**

**Myint Kyaw a/k/a Jeffrey Wu,**  **Case No. 820-72407-reg**

      **Debtor.**

-------------------------------------------------------------X

### CLASS REPRESENTATIVES' JOINDER TO OBJECTION BY UNITED STATES TRUSTEE: APPLICANT'S RETENTION AS COUNSEL TO DEBTOR AND CORPORATE AFFILIATES[1]

Chang & Son Enterprises, Inc. and Choo & Company, Inc., representatives of the class certified in Suffolk Superior Court (Massachusetts) C.A. 12-1228 (jointly and severally, the "Class Representatives" for the "Class"), by their counsel, join the United States Trustee in its objection to the application filed by Weinberg, Gross & Pergament LLP ("Applicant") proposing retention as attorney for Myint Kyaw a/k/a Jeffrey Wu ("Wu"), the debtor, herein as well as attorney for his Corporate Affiliates.[2]

### Preliminary Statement

The Bankruptcy Code provides that the trustee "[e]xcept as provided in this section . . . with the court's approval, may employ one or more attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee

---

[1] This joinder is filed two filing days past the deadline set by movant. The first day was Labor Day. The Class asks the Court to consider the instant joinder notwithstanding the deadline because it does not introduce new material facts and relies on the same statutes as the other objections filed in this matter.

[2] Prior to filing Wu's individual, chapter 11 petition, Applicant filed in sequence the following three petitions on July 8, 2020: (1) Lucky Star-Deer Park Mezz, LLC (case no. 8-20-72403-reg); (2) Flushing Landmark Realty Mezz LLC (case no. 8-20-72404-reg); and (3) Victoria Towers Development Mezz Corp. (case no. 8-20-72405-reg. These corporate entities are Wu's affiliates within the meaning of 11 U.S.C. §101(2). They are referred to herein, jointly and severally, as Corporate Affiliates.

1

in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Applicant would represent an interest adverse to Wu's estate if it simultaneously represented the Corporate Affiliates, whose $23.8 million debt to Landmark Portfolio Mezz, LLC ("Landmark") Wu has guaranteed.  Wu holds interests adverse to the Corporate Affiliates' interests, and 11 U.S.C. § 327(a) precludes Applicant from representing both.

". . . [A] person is not disqualified for employment . . . solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest." 11 U.S.C. § 327(c).  Applicant would have an actual conflict of interest if it were to represent the Corporate Affiliates and Wu simultaneously.  Wu serves as the managing director and person in control of each Corporate Affiliates.  He and his spouse hold one-half shares, respectively, in each Corporate Affiliate.  Applicant cannot represent a Corporate Affiliate while it evaluates or pursues avoidance and recovery actions against an interest holder and managing director while simultaneously representing Wu, the very same interest holder and managing director; accordingly, 11 U.S.C. § 327(c) precludes Applicant from representing both.

## Additional Allegations of Fact[3]

1. The Class's undisputed, unsecured, and non-priority claim against Wu arises from an agreement for judgment entered in a Massachusetts trial court in 2018 based on litigation that began in 2012.  Wu and Hong Kong Supermarkets of Massachusetts LLC, among others, were signatories to the agreement for judgment.  According his schedules, Wu owns 99 per cent of Hong Kong Supermarkets of Massachusetts, LLC.

---

[3] The Class adopts the facts set out in the objection filed by the United States Trustee.  See D. 43.

2. Corporate Affiliates did not schedule the Class as a creditor.

3. Wu has not amended his schedules, which are littered with unknown property values. No Corporate Affiliate has amended its schedules to value its assets, also scheduled as having unknown value.

## Argument

4. The Second Circuit Court of Appeals explained the interplay between § 327(a) and (c) when considering a trustee's motion to retain professionals:

> . . . [Subsection (a) sets out a general, two-part test governing employment of all professionals. Under subsection (a), the trustee may hire only those professionals that (1) 'do not hold or represent an interest adverse to the estate,' and (2) are 'disinterested persons.' 11 U.S.C. § 327(a).
>
> Limited exceptions to this broad prohibition are found in subsections (c) and (e).[4] Subsection (c) . . . prevents disqualification based solely on the professional's prior representation of or employment by a creditor -- it does not preempt the more basic requirements of subsection (a). Thus it remains important to determine whether the person is disqualified on any other ground, e.g., an interest adverse to the estate.
>
> *Bank Brussels Lambert v. Coan (In re AroChem Corp.),* 176 F.3d 610, 620-21 (2d Cir. 1999); internal citations and quotation marks omitted).

5. The appellate court's definition for "interests adverse to the estate" follows:

> [either] (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate.
>
> *Id.* at 623, quoting, *In Re Roberts*, 46 B.R. 815 (Bankr.D.Utah 1985), aff'd in relevant part and rev'd and remanded in part on other grounds, 75 B.R. 402 (D.Utah 1987).

### A. §327(a) Precludes Applicant from Representing Wu Because His Corporate Affiliates Hold Interests Adverse to Wu's Estate.

6. Wu owns a one-half interest in each Corporate Affiliate. He also serves as managing director and person in control for each Corporate Affiliate, and he has guaranteed their $23.8

---

[4] 11 U.S.C. §327(e), which governs special counsel appointments, is not applicable here.

loan from Landmark. Each Corporate Affiliate clearly holds an economic interest in limiting its exposure to Landmark as primary obligor by pushing liability onto Wu; just as clearly, Wu has an economic interest in limiting his bankruptcy estate's financial exposure to the Landmark guaranty. Each Corporate Affiliate's estate, therefore, holds an interest adverse to Wu's estate; Wu confronts each Corporate Affiliate as a rival over who shoulders the financial burden posed by Landmark's claim. Applicant cannot represent these presently adverse interests. Section 327(a), therefore, precludes Applicant's retention. *Bank Brussels Lambert v. Coan*, 176 F.3d at 623.

7. As counsel to the Corporate Affiliates, Applicant would have a meaningful incentive to act against the best interests of Wu's creditors, including the Class, by reducing their recovery, thereby acting contrary to the best interests of Wu's estate. Disqualification follows because § 327(a) precludes Applicant from representing interests adverse to Wu's estate. *Maiman v. Spizz (In re Ampal-American Isr. Corp.*), 554 B.R. 604, 618 (S.D.N.Y. 2016), aff'd, 2017 U.S. App. LEXIS 9002 (2d Cir. N.Y., May 24, 2017) (holding that a professional has a disabling conflict if it has (1) a meaningful incentive, one sufficient to create a more than acceptable risk, to act contrary to the best interests of the estate and its creditors or (2) the reasonable perception of one.)

8. Further, disqualification is warranted because an attorney representing Wu's interests and the Corporate Affiliates' interests simultaneously may act differently – very differently – if he or she represented Wu or represented the Corporate Affiliates, but not both simultaneously. *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 533 (Bankr.S.D.N.Y. 1994) (A court should disqualify counsel where "it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation.")

9. Accordingly, the Court should disqualify Applicant pursuant to § 327(a).

### B.  § 327(c) Precludes Applicant from Representing Wu and the Corporate Affiliates Due to an Actual Conflict between Their Competing and Adverse Interests.

10. Wu's positions as managing director and one-half interest holder for each Corporate Affiliate put him into direct and actual conflict with the Corporate Affiliates. Post-petition inquiries and investigations into a Corporate Affiliate's financial affairs to recover avoidable transfers may involve Wu, entities controlled by Wu, or his spouse. The likelihood such investigations may or should arise post-petition places Wu's interests and each Corporate Affiliate's interests into active competition with each other such that one interest can only be served at the other's expense. *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr.S.D.N.Y. 2007) (defining actual conflict of interest as "an active competition between two interests, in which one interest can only be served at the expense of the other").

11. The conflict between Wu as managing director for each Corporate Affiliate and Wu as guarantor leads to presently competing and adverse interests because Wu has no incentive to investigate himself; the conflict here is actual, not potential. *Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr.S.D.N.Y. 1998) ("An actual conflict involves the representation of two presently competing and adverse interests, while a potential conflict occurs where the competition may become active if certain contingencies arise."). At the very least, Wu and each Corporate Affiliates have the "divided loyalties and affected judgments" cited by the Granite Partners court as warranting disqualification. *Id.*

12. Section §327(c) precludes Applicant from representing Wu and the Corporate Affiliates due to an actual conflict.

Wherefore, Class Representatives ask the Court to disqualify Applicant from representing Wu and his Corporate Affiliates and grant such other relief as the Court deems just.

                                             Respectfully submitted,
                                             Chang & Son Enterprises, Inc. and Choo & Company, Inc.,
                                             Class Representatives
                                             By their counsel,

Dated: September 8, 2020        /s/ William R. Moriarty
                                             William R. Moriarty, Esq.
                                             Jeffrey J. Cymrot, Esq. [pro hac vice application forthcoming]
                                             Sassoon Cymrot Law, LLC
                                             84 State Street
                                             Boston, MA 02109
                                             Telephone Number: (617) 720-0099
                                             Facsimile Number: (617) 720-0366
                                             wmoriarty@sassooncymrot.com
                                             jcymrot@sassooncymrot.com