## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MYINT KYAW A/K/A JEFFREY WU** <br> Debtor. | **Case No. 8-20-72407-REG** |

### MOTION OF HAYMARKET CAPITAL LLC FOR ORDER
### AUTHORIZING RULE 2004 EXAMINATION OF GTJ REIT

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Haymarket Capital LLC ("Haymarket" or "Creditor"), a judgment creditor of the Debtor Myint Kyaw a/k/a Jeffrey Wu (the "Debtor") moves this Court for an order authorizing Haymarket to conduct Rule 2004 examinations of GTJ REIT, regarding the Debtor's direct or indirect interest in GTJ REIT, the value of the assets in which GTJ REIT has a direct or indirect interest, and the value of GTJ REIT. Haymarket seeks to conduct this 2004 examination on the basis that the Debtor's interest in GTJ REIT is a substantial asset of the Debtor. Further, the Debtor has identified GTJ REIT as his primary source of his income upon which he intends to fund his Plan of Reorganization.

As set forth further below, Haymarket requests that GTJ REIT, produce within thirty (30) days following entry of the order allowing this Motion all non-privileged documents responsive to the Document Request attached hereto as Schedule A, and thereafter submit to an examination by deposition on fourteen (14) days' notice to be taken by Haymarket, by and through its respective counsel.

In further support of its Motion, Haymarket states as follows:

1.  On July 8, 2020 (the "Petition Date") the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.  On the Petition Date, the Debtor owed Haymarket in excess of seven million, seven hundred thousand dollars ($7,700,000) pursuant to a judgment enter in favor of Haymarket on August 3, 2018.

3.  According to the Debtor's statement of affairs and schedules the Debtor is the holder of an interest in GTJ REIT which in turn owns, directly or indirectly, interests in numerous real properties, businesses and investments. The Debtor did not ascribe a value to his interest in GTJ REIT, but during his 341 meeting, he identified his interest in GTJ REIT as a substantial asset and the principal source of is income.

4.  Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that upon motion of any party-in-interest, the Court may order the examination of any entity that may have information relating to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Moreover, the Courts have long recognized the scope of such an examination is quite broad, as it is not limited by the restrictions of Rule 26 of the Federal Rules of Civil Procedure. In re Duratech Industries, Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983)); accord In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). In re North Plaza, LLC, 395 B.R. 113 (S.D. Cal. 2008); In re French, 145 B.R. 991, 992 (Bankr. D.S.D. 1992).

5.  Based upon prior disclosures to Haymarket and the Debtor's testimony at his 341 Meeting, Haymarket believes that GTJ REIT has documents and other information relevant to

Haymarket's investigation into, among other things, the Debtor's assets, liabilities and financial condition. Based upon the foregoing, Haymarket submits that the entry of an Order permitting an examination of GTJ REIT is necessary and appropriate.

**WHEREFORE,** Haymarket Capital LLC respectfully requests that the Court enter an order:

(a) Authorizing the Creditor, Haymarket Capital LLC to conduct an examination of GTJ REIT pursuant to Federal Rule of Bankruptcy Procedure 2004;

(b) Directing GTJ REIT to produce all documents responsive to Schedule A to this motion within Thirty (30) days of allowance of this motion, together with a completed privilege log, and to designate persons with knowledge to attend one or more oral examinations to be conducted by the Creditor upon Fourteen (14) days' notice; and

(c) Granting to the Creditor such other and further relief as this Court deems just and proper in the circumstances.

Respectfully submitted,

Haymarket Capital, LLC

By its attorney,

 */s/ Charles R. Bennett, Jr.*
Charles R. Bennett, Jr. (BBO 037380)
Murphy & King Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts  02108-3107
Telephone:  (617) 423-0400
Facsimile:  (617) 423-0498
Email:  cbennett@murphyking.com

Dated:  October 13, 2020

784580

# **CERTIFICATE OF SERVICE**

       I, Charles R. Bennett, Jr., hereby certify that on October 13, 2020, I caused a copy of the foregoing *Motion Of Haymarket Capital LLC For Order Authorizing Rule 2004 Examination Of GTJ REIT* to be served electronically through the Court's ECF System upon the registered participants as identified on the Notice of Electronic Filing.

                                                    */s/ Charles R. Bennett, Jr.*
                                                    Charles R. Bennett, Jr.

784580

SCHEDULE A

**DEFINITIONS**

1. The term "document" or "documents" as used herein shall mean the fullest scope of the te1m and shall include originals and copies (including all non-identical copies or photocopies) as well as all draft and final versions of, without limitation:

  a. all writings of any kind (including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, correspondence, notes, statements, transcriptions, checks, check stubs, forms, application, tickets, ticket stubs, receipts, records, returns, summaries, books, diaries, intra-office communications, notations of any sort of conversations or interviews, telephone calls, telephone records or other oral communications, and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;

  b. all graphic representations of any kind, including without limitation, photographs, charts, graphs, plans, drawings, microfiche, microfilm, videotape, recording, and motion pictures;

  c. all aural records, electronic, mechanical, or electrical records or representations, whether transcribed or not, including without limitation, tapes, cassettes, discs and tape recordings; and

  d. all electronically generated and/or stored correspondence, memoranda, communications, data compilations or records of any sort, including, but not limited to, electronic mail messages and all drafts, versions, non-identical copies and "back- ups" of any documents generated or stored on computers, regardless of whether such documents are presently stored on that computer or as part of "back-up" or archival files.

2. The term "identify" as used herein means as follows:

  a. To "identify" a document means (i) to state the name or title of the document;
  (ii) to provide a description sufficient to identify the document for the purposes of a request to produce or a subpoena duces tecum; (iii) to state the date the document was prepared; (iv) to state the name(s) of the

        author(s) of the document; (v) to state the addressee(s) or other recipient(s) of the document, if any; (vi) to state the name of the person, if any, who provided it to the Debtors, or the means by which the Debtors acquired knowledge of its contents or obtained access to it; (vii) to state a summary of the substance of the document; and (viii) to state the name and address of the person(s) having custody and/or control thereof.

    b.    To "identify" a natural person is to provide (i) the person's full name; (ii) the person's occupation, job description, position, and title; (iii) the name and address of the person's employer; (iv) the person's business and residential address and telephone numbers, or, if not known, the last known business and residential address and telephone numbers; and (v) the relationship between the person and any or all of the parties in this action.

    c.    To "identify" a person other than a natural person is (i) to provide the full name and present or last known address and telephone number of the principal place of such person, and (ii) to describe its relationship with any or all of the parties in this action.

    d.    To "identify" a communication means to provide (i) a statement whether the communication was oral or written and a summary of the substance; (ii) the identification of every document embodying, concerning, indicating or relating in any way to the communication; (iii) the identification of every person who participated or was involved in the communication and the nature of their involvement ; (iv) the identification of the date of the communication; and (v) the identification of the place at which the participants to the communication were located at the time of the communication .

    e.    To "identify" a place means to state the full name and address, the type of facility (e.g. warehouse, office, file room, storeroom), and the date when any such place or location was used for the activity inquired about.

3. As used herein, "or" is used in its non-exclusive sense and therefore should be read as "and/or."

4. As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

5. The word "person" or "individual" as used herein means any natural person, corporation, partnership, firm, trust, group, association, governmental agency or any other

organization.

6. The term "concerning" means referring to, describing, evidencing, or constituting.

7. The terms "relates" and "relating to" as used herein mean comprising, indicating, concerning, referring, evidencing, discussing, involving or otherwise relating to, directly or indirectly, in any way whatsoever.

8. The words "you" and "your" shall refer to Jeffrey Wu a/k/a Myint J Kyaw.

9. The use of the singular as used herein includes the plural and the use of the plural includes the singular.

## TIME PERIOD

Unless otherwise noted, this Request is for the period April 1, 2016 to the present.

### INSTRUCTIONS

**1.** If you maintain that any document requested in this Request for Production has been destroyed or lost, set forth the content of said document, the location of any copies of said document, the date of such destruction or loss and the name of the person who ordered, authorized, or was responsible for such destruction or loss.

2. For each document that is withheld on the basis of the attorney/client privilege or the work- product doctrine, please state the following information :

(a) its author;

(b) its date;

(c) its addressees;

(d) its subject matter;

(e) each person who sent or received it; and

    (f)    the basis upon which it is withheld.

3. If you are requested to produce a document, the request shall be deemed to include any and all relevant documents that are or have been in your possession, custody, or control, or to which you have access, including without limitation the files of your agents, employees, attorneys, accountants, management firms and other representatives .

4. If you are asked to produce document(s) of which you are aware or have knowledge, but which are not in your possession, custody, or control, your response shall so state, and shall give the location thereof and identify the custodian of such document(s).

5. Unless otherwise specified, this Request for Production shall include the period beginning April 1, 2016 through the date on which your response hereto is made.

6. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7. This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive hereto.

### REQUESTED DOCUMENTS:

1. All documents relating to or concerning any direct or indirect interest held by Jeffrey Wu a/k/a Myint J. Kyaw in GTJ REIT on or after January 1, 2017.

2. All organization and governance documents of GTJ REIT.

3. Year-end Financial Statements for GTJ REIT for each year since January 1,

2017.

4. All documents identifying the assets/property in which GTJ REIT has a direct or indirect interest.

5. All documents relating to or concerning the value of the assets/property in which GTJ REIT has a direct or indirect interest, including but not limited to appraisals of those assets, and financial statements of the entity who owns those assets.

6. All documents identifying the holders of an interest in GTJ REIT, the percentage of each respective interest and when the interest was acquired and consideration for the interest.

7. All documents reflecting grants of security or pledge by Jeffrey Wu a/k/a Myint J. Kyaw of his direct or indirect interest in GTJ REIT and the underlying loans documents evidencing any obligations secured by such grant of security or pledge.

8. All documents relating to or concerning any transfer of the direct or indirect interest held by Jeffrey Wu a/k/a Myint J. Kyaw in the GTJ REIT on or after April 1, 2016, including but not limited to all documents relating to or concerning to whom the transfer of any such interest was made on or after April 1, 2016.

9. All documents relating to or concerning any distributions or payment made by the GTJ REIT after January 1, 2018 to or for the benefit of Jeffrey Wu a/k/a Myint J. Kyaw.

10. All documents relating to or concerning any compensation paid by the GTJ REIT to or for the benefit of Jeffrey Wu a/k/a Myint J. Kyaw after January 1, 2018.

11. All agreements by and among the GTJ REIT and Jeffrey Wu a/k/a Myint J. Kyaw.

12. Each K-1 issued since April 1, 2016 by the GTJ REIT to Jeffrey Wu a/k/a Myint J. Kyaw or any entity in which he has an interest.

13. Each Form 1099 issued since April 1, 2016 by the GTJ REIT to Jeffrey Wu a/k/a Myint J. Kyaw or any entity in which he has an interest.

14. All agreements limiting or restricting the right of Jeffrey Wu a/k/a Myint J. Kyaw or any entity in which he has an interest to sell, convey or transfer his interest in the GTJ REIT.

15. All documents relating to or concerning the current value of Jeffrey Wu a/k/a

Myint J. Kyaw's direct or indirect interest in GTJ REIT or of the value of an entity in which he has an interest in GTJ REIT.