**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **MYINT KYAW A/K/A JEFFREY WU** | **Case No. 8-20-72407-REG** |
| Debtor. | |

**MOTION OF HAYMARKET CAPITAL LLC FOR ORDER**
**AUTHORIZING RULE 2004 EXAMINATION OF DEBTOR MYINT KYAW**

Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, Haymarket Capital LLC ("Haymarket" or "Creditor"), a judgment creditor of Debtor Myint Kyaw a/k/a Jeffrey Wu (the Debtor) moves this Court or an order authorizing Haymarket to conduct Rule 2004 examinations of the Debtor. Haymarket seeks to examine the Debtor *inter alia*, regarding his financial affairs and those of the entities in which he holds a direct or indirect ownership interest, the value of the assets in which the Debtor owns a direct or indirect interest, the valuation of the Debtor's interests in the various real estate ventures in which it owns a direct or indirect interest, any transfer by the Debtor of property within four years of the Petition Date, and the Debtor's debts and liabilities.

As set forth further below, Haymarket seeks an Order requiring the Debtor to produce within Thirty (30) days following entry of the order allowing this Motion all non-privileged documents responsive to the Document Request attached hereto as Schedule 1, and thereafter submit to an examination by deposition on Fourteen (14) days' notice to be taken by Haymarket, by and through its respective counsel.

**Background**

1.  On July 8, 2020 (the "Petition Date") the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

2.  On the Petition Date, the Debtor owed Haymarket in excess of seven million, seven hundred thousand dollars ($7,700,000) pursuant to a judgment enter in favor of Haymarket on August 3, 2018.

3.  According to the Debtor's statement of affairs and schedules he directly or indirectly as a member of an LLC or other entity holds an interest in numerous real properties, business and investments.

**REQUESTED RELIEF**

4.  Haymarket requests the authority to conduct an examination of, and request the production of documents by, the Debtor, to enable Haymarket to further investigate the assets and liabilities of the Debtor's estate and any transfer by the Debtor of property within ten (10) years of the Petition Date. In order to fully and completely examine the Debtor, Haymarket requests that the Debtor produce the documents identified on Schedule 1 hereto within thirty (30) days of the entry of an Order approving this motion, and to include a privilege log with its production. Haymarket further requests to conduct oral examinations of the Debtor upon fourteen (14) business days' notice.

5.  Rule 2004 of the Federal Rules of Bankruptcy Procedure provides that upon motion of any party-in-interest, the Court may order the examination of the Debtor as to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate . . . ." Moreover, the scope of such an examination

is quite broad, as it is not limited by the restrictions of Rule 26 of the Federal Rules of Civil Procedure, and thus may be used for, among other purposes, discovering assets and transfers. In re Duratech Industries, Inc., 241 B.R. 283, 289 (E.D.N.Y. 1999) (quoting In re GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983)); accord In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985). Courts have long analogized the depth and breadth of such an examination to akin to a fishing expedition. In re North Plaza, LLC, 395 B.R. 113 (S.D. Cal. 2008); In re French, 145 B.R. 991, 992 (Bankr. D.S.D. 1992).

6.       Haymarket believes that the Debtor has documents and other information relevant to the Haymarket's investigation as set forth herein. Based upon the foregoing, Haymarket submits that the entry of an Order permitting its counsel to examine the Debtor is necessary and appropriate.

**WHEREFORE,** the Debtor respectfully request that the Court enter an order:

(a) Authorizing the Creditor, Haymarket Capital LLC to conduct an examination of the Debtor, Myint Kyaw a/k/a Jeffrey Wu pursuant to Federal Rule of Bankruptcy Procedure 2004;

(b) Directing the Debtor to produce all documents responsive to Exhibit "A" to this motion within Thirty (30) days of allowance of this motion, together with a completed privilege log, and to designate persons with knowledge to attend one or more oral examinations to be conducted by the Creditor upon Fourteen (14) days' notice; and

(c) Granting to the Creditor such other and further relief as this Court deems just and proper in the circumstances.

(SIGNATURE NEXT PAGE)

Respectfully submitted,

Haymarket Capital, LLC

By its attorney,


 */s/ Charles R. Bennett, Jr.*
Charles R. Bennett, Jr. (BBO 037380)
Murphy & King Professional Corporation
One Beacon Street, 21st Floor
Boston, Massachusetts 02108-3107
Telephone: (617) 423-0400
Facsimile: (617) 423-0498
Email: cbennett@murphyking.com

Dated: October 13, 2020
784574

# **CERTIFICATE OF SERVICE**

      I, Charles R. Bennett, Jr. hereby certify that on October 13, 2020, I caused a copy of the foregoing Motion *Of Haymarket Capital LLC For Order Authorizing Rule 2004 Examination Of Debtor Myint Kyaw* to be served electronically through the Court's ECF System upon the registered participants as identified on the Notice of Electronic Filing.

                                                                              */s/ Charles R. Bennett, Jr.*
                                                                              Charles R Bennett, Jr

784574

## SCHEDULE A

## **DEFINITIONS**

1. The term "document" or "documents" as used herein shall mean the fullest scope of the te1m and shall include originals and copies (including all non-identical copies or photocopies) as well as all draft and final versions of, without limitation:

> a. all writings of any kind (including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise), including without limitation, correspondence, notes, statements, transcriptions, checks, check stubs, forms, application, tickets, ticket stubs, receipts, records, returns, summaries, books, diaries, intra-office communications, notations of any sort of conversations or interviews, telephone calls, telephone records or other oral communications, and all drafts, alterations, modifications, changes and/or amendments of any of the foregoing;
>
> b. all graphic representations of any kind, including without limitation, photographs, charts, graphs, plans, drawings, microfiche, microfilm, videotape, recording, and motion pictures;
>
> c. all aural records, electronic, mechanical, or electrical records or representations, whether transcribed or not, including without limitation, tapes, cassettes, discs and tape recordings; and
>
> d. all electronically generated and/or stored correspondence, memoranda, communications, data compilations or records of any sort, including, but not limited to, electronic mail messages and all drafts, versions, non-identical copies and "back- ups" of any documents generated or stored on computers, regardless of whether such documents are presently stored on that computer or as part of "back-up" or archival files.

2. The term "identify" as used herein means as follows:

> a. To "identify" a document means (i) to state the name or title of the document;
> (ii) to provide a description sufficient to identify the document for the purposes of a request to produce or a subpoena duces tecum; (iii) to state the date the document was prepared; (iv) to state the name(s) of the

        author(s) of the document; (v) to state the addressee(s) or other recipient(s) of the document, if any; (vi) to state the name of the person, if any, who provided it to the Debtors, or the means by which the Debtors acquired knowledge of its contents or obtained access to it; (vii) to state a summary of the substance of the document; and (viii) to state the name and address of the person(s) having custody and/or control thereof.

    b.    To "identify" a natural person is to provide (i) the person's full name; (ii) the person's occupation, job description, position, and title; (iii) the name and address of the person's employer; (iv) the person's business and residential address and telephone numbers, or, if not known, the last known business and residential address and telephone numbers; and (v) the relationship between the person and any or all of the parties in this action.

    c.    To "identify" a person other than a natural person is (i) to provide the full name and present or last known address and telephone number of the principal place of such person, and (ii) to describe its relationship with any or all of the parties in this action.

    d.    To "identify" a communication means to provide (i) a statement whether the communication was oral or written and a summary of the substance; (ii) the identification of every document embodying, concerning, indicating or relating in any way to the communication; (iii) the identification of every person who participated or was involved in the communication and the nature of their involvement ; (iv) the identification of the date of the communication; and (v) the identification of the place at which the participants to the communication were located at the time of the communication .

    e.    To "identify" a place means to state the full name and address, the type of facility (e.g. warehouse, office, file room, storeroom), and the date when any such place or location was used for the activity inquired about.

3.    As used herein, "or" is used in its non-exclusive sense and therefore should be read as "and/or."

4.    As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

5.    The word "person" or "individual" as used herein means any natural person, corporation, partnership, firm, trust, group, association, governmental agency or any other

organization.

      6.      The term "concerning" means referring to, describing, evidencing, or constituting.

      7.      The terms "relates" and "relating to" as used herein mean comprising, indicating, concerning, referring, evidencing, discussing, involving or otherwise relating to, directly or indirectly, in any way whatsoever.

      8.      The words "you" and "your" shall refer to Jeffrey Wu a/k/a Myint J Kyaw.

      9.      The use of the singular as used herein includes the plural and the use of the plural includes the singular.

## TIME PERIOD

Unless otherwise noted, this Request is for the period April 1, 2016 to the present.

## INSTRUCTIONS

**1.** If you maintain that any document requested in this Request for Production has been destroyed or lost, set forth the content of said document, the location of any copies of said document, the date of such destruction or loss and the name of the person who ordered, authorized, or was responsible for such destruction or loss.

      2.      For each document that is withheld on the basis of the attorney/client privilege or the work- product doctrine, please state the following information :

      (a)      its author;

      (b)      its date;

      (c)      its addressees;

      (d)      its subject matter;

      (e)      each person who sent or received it; and

    (f)    the basis upon which it is withheld.

3.    If you are requested to produce a document, the request shall be deemed to include any and all relevant documents that are or have been in your possession, custody, or control, or to which you have access, including without limitation the files of your agents, employees, attorneys, accountants, management firms and other representatives.

4.    If you are asked to produce document(s) of which you are aware or have knowledge, but which are not in your possession, custody, or control, your response shall so state, and shall give the location thereof and identify the custodian of such document(s).

5.    Unless otherwise specified, this Request for Production shall include the period beginning April 1, 2016 through the date on which your response hereto is made.

6.    This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive to this Request for Production.

7.    This Request for Production shall be deemed continuing so as to require an immediate supplemental response if any additional responsive documents are discovered, located, identified or obtained after you complete production of documents responsive hereto.

## **REQUESTS FOR PRODUCTION**

### **REQUEST NO. 1:**

All documents relating to or concerning any interest Wu holds or held at any time since April 1, 2016 in the following entities:

    (a) 130 Bowery LLC - 5 CVS locations

        SCP 2004E-067 LLC
        SCP 2004E-005 LLC

        SCP 2004E-020 LLC
        SCP 2004E-038 LLC
        SCP 2004E-048 LLC

(b) Flushing Landmark Realty, LLC - 41-60 Main Street, Flushing, NY 104,000 sq. ft. office/retail

(c) Queen Elizabeth Realty Corp. - 68-80 Elizabeth Street, New York, NY - 16,000 sq. ft. retail first floor and 13,000 sq. ft. retail basement

(d) Wu Towers, LLC - 133-38 Sanford Ave., Flushing, NY -Retail/Parking

(e) Lucky Star Deer Park LLC - 377 Carll's Path, Deer Park, NY - 185,000 sq. ft.
   Warehouse and 76 Trucking Doors/Terminal on 23.4 acres

(f) Victoria Towers Development Corp. - Condo development at 133-38 Sanford Ave., Flushing, NY

(g) GTJ REIT, Inc. - 24% ownership

(h) Crown Mansion LLC - 25% ownership - 134-49 Maple Ave., Flushing, NY - 19,168 sq. ft. land

(i) Hong Kong Supermarkets -NJ and PA

(j) Hong Kong Supermarket of CA, Inc.

(k) Super HK, LLC

## REQUEST NO. 2:

All documents relating to or concerning any transfer by Wu on or after July 9, 2016, of any property, real or personal, intangible or tangible, including, but not limited to:

  (a)    68 Overlook Road, Locust Valley, NY

  (b)    130 Bowery LLC - 5 CVS locations

        SCP 2004E-067 LLC
        SCP 2004E-005 LLC
        SCP 2004E-020 LLC
        SCP 2004E-038 LLC
        SCP 2004E-048 LLC

(c) Flushing Landmark Realty, LLC - 41-60 Main Street, Flushing, NY 104,000 sq. ft. office/retail

(d) Queen Elizabeth Realty Corp. - 68-80 Elizabeth Street, New York, NY - 16,000 sq. ft. retail first floor and 13,000 sq. ft. retail basement

(e) Wu Towers, LLC - 133-38 Sanford Ave., Flushing, NY - Retail/Parking

(t) Lucky Star Deer Park LLC -377 Carll's Path, Deer Park, NY -185,000 sq. ft.
Warehouse and 76 Trucking Doors/Terminal on 23.4 acres

(g) Victoria Towers Development Corp. -Condo development at 133-38 Sanford Ave., Flushing, NY

(h) GTJ REIT, Inc. - 24% ownership

(i) Crown Mansion LLC -25% ownership - 134-49 Maple Ave., Flushing, NY - 19,168 sq. ft. land

(j) Hong Kong Supermarkets -NJ and PA

(k) Hong Kong Supermarket of CA, Inc.

(l) Super HK, LLC

## REQUEST NO. 3:

All documents relating to or concerning the value of any interest Wu holds or held at any time since April 1, 2016 in the following entities:

(a) 130 Bowery LLC - 5 CVS locations

SCP 2004E-067 LLC
SCP 2004E-005 LLC
SCP 2004E-020 LLC
SCP 2004E-038 LLC
SCP 2004E-048 LLC

(b) Flushing Landmark Realty, LLC - 41-60 Main Street, Flushing, NY 104,000 sq. ft. office/retail

(c) Queen Elizabeth Realty Corp. - 68-80 Elizabeth Street, New York, NY - 16,000 sq. ft. retail first floor and 13,000 sq. ft. retail basement

(d) Wu Towers, LLC - 133-38 Sanford Ave., Flushing, NY -Retail/Parking

(e) Lucky Star Deer Park LLC - 377 Carll's Path, Deer Park, NY - 185,000 sq. ft. Warehouse and 76 Trucking Doors/Terminal on 23.4 acres

(f) Victoria Towers Development Corp. - Condo development at 133-38 Sanford Ave., Flushing, NY

(g) GTJ REIT, Inc. - 24% ownership

(h) Crown Mansion LLC - 25% ownership - 134-49 Maple Ave., Flushing, NY - 19,168 sq. ft. land

(i) Hong Kong Supermarkets -NJ and PA

(j) G) Hong Kong Supermarket of CA, Inc.

(k) Super HK, LLC

## REQUEST NO. 4:

All documents relating to or concerning the current value of any assets held by Wu in the following entities:

(a) 30 Bowery LLC - 5 CVS locations

    SCP  2004E-067  LLC
    SCP  2004E-005  LLC
    SCP  2004E-020  LLC
    SCP  2004E-038  LLC
    SCP 2004E-048 LLC

(b) Flushing Landmark Realty, LLC - 41-60 Main Street, Flushing, NY 104,000 sq. ft. office/retail

(c) Queen Elizabeth Realty Corp. - 68-80 Elizabeth Street, New York, NY - 16,000 sq. ft. retail first floor and 13,000 sq. ft. retail basement

(d) Wu Towers, LLC - 133-38 Sanford Ave., Flushing, NY -Retail/Parking

(e) Lucky Star Deer Park LLC - 377 Carll's Path, Deer Park, NY - 185,000 sq. ft. Warehouse and 76 Trucking Doors/Terminal on 23.4 acres

(f) Victoria Towers Development Corp. - Condo development at 133-38 Sanford Ave., Flushing, NY

    (g) GTJ REIT, Inc. - 24% ownership

    (h) Crown Mansion LLC - 25% ownership - 134-49 Maple Ave., Flushing, NY - 19,168 sq. ft. land

    (i) Hong Kong Supermarkets -NJ and PA

    (j) Hong Kong Supermarket of CA, Inc.

    (k) Super HK, LLC

## REQUEST NO. 5:

All personal financial statements Wu provided or caused to be provided to any third party on or after April 1, 2016.

## REQUEST NO. 6:

All federal income tax returns, state tax returns, gift tax and other tax returns, including any joint returns, including all schedules, filed by Wu or on Wu's behalf since April 1, 2016.

## REQUEST NO. 7:

Any and all pro forma statements, financial reports, financial statements, balance sheets, and loan and/or credit applications relating to, or prepared by or on behalf of Wu.

## REQUEST NO. 8:

Any and all financial statements, financial reports, cash flow reports, pro forma statements, compilation reports, federal tax returns, state tax returns, and loan and/or credit applications relating to, or prepared by or on behalf of any corporation, trust, partnership, limited partnership, joint venture or any other entity in which Wu has or had any interest, including a shareholder, beneficial Partner's participation or other financial interest for the years 2017, 2018 and 2019.

## REQUEST NO. 9:

Any and all documents which identify the name and address of the commercial bank, savings bank, credit union, money market fund or other financial institution or fund where Wu maintains any account, whether individually or jointly with another since April 2016.

## REQUEST NO. 10:

Any and all documents which evidence, constitute, record, reflect or regard any promissory note, contract, account receivable, security agreement, will, trust, trust indenture, mortgage, lease, option, pledged instrument or property or any other document or thing which represents, evidences, refers to, pertains to, or relates to any account, debt or liability, whether fixed or contingent, which is held by, owed to, belongs to, accrues to or otherwise inures to or will inure to the benefit of Wu, or any entity in which he has an interest.

### REQUEST NO. 11:

Any and all deeds, mortgages, contracts for sale, options, contracts, agreements, trustee indentures, trust agreements, leases, assignments and all other documents which evidence, record, refer to or relate to any real property owned or previously owned by or on behalf of Wu, or any entity in which he has an interest.

### REQUEST NO. 12:

Any and all documents which record, evidence, or reflect any life insurance contracts in which Wu is or has been listed as either the owner or the beneficiary.

### REQUEST NO. 13:

Any and all stock certificates, stock warrants, account statements, bonds, options, dividend payments, correspondence, agreements and all other documents which evidence, record, reflect, constitute or concern any past, present or future interest in any governmental bonds, municipal bonds, corporate bonds or stock, shares, options, futures, margin accounts, house accounts, broker's accounts, or any other securities or interest in any trust, unincorporated association or partnership held by or on behalf of Wu, or any entity in which he has an interest.

### REQUEST NO. 14:

Any and all employment contracts, option agreements, consulting contracts, fee agreements, and/or payroll records, and any other documents which evidence, refer to or relate to any compensation or benefits due to or received by Wu.

### REQUEST NO. 15:

Any and all documents which in any respect, evidence, record or reflect any compensation, bonus, profit sharing or other similar plans pursuant to which Wu will or may be entitled to any compensation, income, or other interest.

### REQUEST NO. 16:

Any and all stock certificates, stock warrants, option contracts, communications, memoranda, other writings, and any other documents which evidence, record, reflect, constitute or concern any past, present, or future right, title, claim, or interest of Wu in any person's or entity's present or potential profits, income, shares of stock, or other assets, or property, real or personal, tangible or intangible .

### REQUEST NO. 17:

Any and all documents which evidence the ownership of any safe deposit boxes including all documents which indicate, describe, or evidence the contents of said safe deposit boxes, rented or owned, by or on behalf of Wu.

### REQUEST NO. 18:

Any and all documents which evidence, record, identify, reflect or regard any trust fund, pension fund, annuity fund, retirement fund or any Keogh and/or IRA retirement fund as to which Wu is a beneficiary or in which he has had any interest and the contributions made by Wu thereto.

### REQUEST NO. 19:

Any and all documents which evidence, record, identify, reflect, or concern any rental income received from or due to Wu with respect to any real estate or personal property owned by or on behalf of Wu or in which he has an interest.

### REQUEST NO. 20:

Any and all documents which evidence or reflect that Wu is now, may be, or will be the beneficiary of, or will inherit, any money from any defendant, settlor, or other person.

### REQUEST NO. 21:

Any and all dockets, pleadings, papers, communications and all other documents which evidence, identify, record or reflect any law suit (excluding the Haymarket civil action), specifically including any bankruptcy proceedings in which Wu has, or intends, to file a proof of claim, or threatened law suit to which Wu is or may be a party.

### REQUEST NO. 22:

Any and all statements which evidence, reflect or record that Wu is the owner of any personal property, including but not limited to motor vehicles, computers, boats, equipment, office equipment, office furnishings, jewelry, antiques, art works, collectibles, oriental rugs, household furnishings, or other tangibles, and any documents which evidence, record, reflect or identify the value of such personal property.

### REQUEST NO. 23:

Any and all documents not otherwise included in the above Request which in any respect evidence, record, reflect, refer to, identify or concern any and all distributions, transfers, assignments, bonuses, gifts, and/or payments made by Wu to his spouse, children, relatives, friends, or to any of his beneficiaries, successors in interest, assignees, agents, representatives, employees, accountants, attorneys and/or other individuals.

### **REQUEST NO.** 24:

Any and all documents not otherwise included in the above Request which evidence, identify, record or reflect any assets or liabilities of Wu.

### **REQUEST NO. 25:**

Any and all documents which in any respect evidence, record, reflect, identify or concern any and all other past or present assets or liabilities of Wu which documents were not produced in response to requests 1 through 22 above.

### **REQUEST NO. 26:**

Any and all copyrights, patents, licenses, or general intangibles in which Wu has an interest.

### **REQUEST NO. 27:**

Any and all documents which relate to, refer to or memorialize any insurance policies of which Wu is the owner or beneficiary and all documents relating to or concerning any cash surrender value of said identified insurance policies.

### **REQUEST NO. 28**

Any and all documents which in any respect evidence, record, identify, reflect, concern or relate to any transfer by Wu of any asset since 2016 including but not limited to the assets identified in Requests 1 and 2 above.

### **REQUEST NO. 29**:

Any and all documents which in any respect evidence, record, identify, reflect, concern or relate to the past or present financial condition of Wu which documents were not produced in response to requests 1 through 23 above.