WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Timothy R. Wheeler
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
(212) 490-3038 (facsimile)

*Attorneys for Bank of America, N.A.*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re:** | Hearing date: December 7, 2020<br>10:00 a.m. |
| **MYINT KYAW,** | Chapter 11 |
| **Debtor.** | Case No. 20-72407 (REG) |

**STATEMENT OF BANK OF AMERICA, N.A. REGARDING THE MOTIONS OF
HAYMARKET CAPITAL LLC SEEKING ORDERS AUTHORIZING
<u>RULE 2004 EXAMINATIONS OF (i) DEBTOR MYINT KYAW AND (ii) GTJ REIT</u>**

TO:   THE HONORABLE ROBERT E. GROSSMAN
      UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A. (the "***Bank***"), creditor of debtor Myint Kyaw, a/k/a Jeffrey Wu (the "***Debtor***") through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP submits this statement (the "***Statement***") in connection with (i) *Motion of Haymarket Capital LLC for an Order Authorizing Rule 2004 Examination of Debtor Myint Kyaw* [Doc. Entry No. 90] (the "***Kyaw Motion***"); and (ii) *Motion of Haymarket Capital LLC for an Order Authorizing Rule 2004 Examination of GTJ REIT* [Doc. Entry No. 89] (the "***GTJ REIT Motion***" and together with the Kyaw Motion, the "***Rule 2004 Motions***"), and in support thereof the Bank states as follows:

1.    On July 8, 2020, the Debtor commenced this case (the "***Case***") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") in the United States Bankruptcy Court for the Eastern District of New York (the "***Court***").

2. The Bankruptcy Code Section 341(a) first meeting of creditors (the "*Section 341(a) Meeting*") was originally scheduled for August 10, 2020 at 10:00 a.m. (*See* Doc. Entry No. 4).

3. On October 11, 2020, creditor Haymarket Capital LLC ("*Haymarket*") filed the Rule 2004 Motions seeking court authorization to conduct Rule 2004 examinations of the Debtor and of GTJ REIT (together, the "*Rule 2004 Examinations*"). (*See* Doc. Entry Nos. 89 & 90).

4. After three adjournments, on October 29, 2020 at 2:00 p.m., the Office of the United States Trustee conducted and closed the Section 341(a) Meeting. (*See* October 20, 2020 Text Only Doc. Entry).

5. On October 29, 2020 at 3:07 p.m., the Debtor submitted amended schedules of assets and liability, and statement of financial affairs (the "*Statements and Schedules*"). (*See* Statements and Schedules, Doc. Entry No. 108).

6. Among other things, the Statements and Schedules list a claim for the Bank in the amount of $19.700,000.00. (*See* Statements and Schedules, Section 4.3, page 27 of 52).

7. The Statements and Schedules also list the Debtor's ownership interests in certain businesses without indicating the value of such entities. (*See* Statements and Schedules, Schedule A/B, Section 19, p. 14 of 52 to 16 of 52).

8. Among other deficiencies, the Statements and Schedules fail to accurately or fully describe the sources of the Debtor's income, particularly such income that may originate from GTJ REIT. (*See* Statements and Schedules, Schedules I & J, Statement of Financial Affairs, Part 2).

9. For these and other reasons, the Bank believes that the Rule 2004 examinations of the Debtor and of a representative of GTJ REIT, as well as the document production described in the Rule 2004 Motions are appropriate and necessary under the circumstances present in this Case.

10. In the interests of efficiency and cost-effectiveness, the Bank seeks to attend and participate in the Rule 2004 Examinations requested by Haymarket in the Rule 2004 Motions, in the event that the Court grants the Rule 2004 Motions.

11. Counsel for the Bank has communicated with counsel for Haymarket and learned that Haymarket has no objection to the Bank's attendance at and participation in the proposed Rule 2004 Examinations and related document production, assuming the Court grants the Rule 2004 Motions.

12. The Bank has approached the Debtor to learn whether the Debtor has any objection to the Bank's participation in the proposed Rule 2004 examinations and related document production, but as of the filing of this Statement, has not received a response.

13. The Bank expressly reserves and preserves all available rights and remedies, including without limitation the right to submit additional motions for court authorization of Rule 2004 examinations and related document production.

WHEREFORE, for all of the reasons set forth herein, the Bank respectfully requests that if the Rule 2004 Motions are granted, the Bank be allowed to attend and participate in the authorized Rule 2004 Examinations and related document production, and for other and further relief as the Court deems appropriate.

[Signature page to follow.]

Dated:   November 12, 2020

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

        /s/ *Timothy R. Wheeler*
        Timothy R. Wheeler
        150 E 42nd Street
        New York, New York 10017
        (212) 490-3000
        (212) 490-3038 (facsimile)
        timothy.wheeler@wilsonelser.com

        *Attorneys for Bank of America, N.A.*

# CERTIFICATE OF SERVICE

       I, Timothy R. Wheeler, hereby certify that on November 12, 2020, I caused a copy of the foregoing *Statement of Bank of America, N.A. Regarding the Motions of Haymarket Capital LLC Seeking Orders Authorizing Rule 2004 Examinations of (i) Debtor Myint Kyaw and (ii) GTJ REIT* to be served electronically through the Court's CM/ECF electronic case management system upon the registered participants as identified on the Notice of Electronic Filing.

Dated:   November 12, 2020

                                            /s/ *Timothy R. Wheeler*
                                            Timothy R. Wheeler