**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
**In re:**  Chapter 11

**Myint Kyaw a/k/a Jeffrey Wu,**  Case No. 820-72407-reg
      Debtor.
-----------------------------------------------------------X

## ORDER ON MOTION FOR RULE 2004 EXAMINATION

The motion ("Motion") filed by Chang & Son Enterprises, Inc. and Choo & Company, Inc., representatives of the class certified in Suffolk Superior Court (Massachusetts) civil action number 12-1228 for authority to conduct an examination pursuant to Fed.R.Bankr.P. 2004 of Anchin, Block & Anchin, LLP ("Anchin") having come before me in the bankruptcy case commenced by Myint Kyaw a/k/a Jeffrey Wu, the debtor herein, and it appearing that interested parties, including Anchin, have received notice due, and interested parties having had the opportunity to be heard and if heard their objections overruled, and for good cause shown after consideration, the Motion is hereby **ALLOWED** and it is

**ORDERED** that pursuant to Fed.R.Bankr.P. 2004, Class Representatives, by their attorneys, shall have authority to conduct an examination of Anchin on the terms set forth in the Motion; and

**ORDERED** that Anchin shall provide a response to the document request responsive to Exhibit "A" in said Motion within sixty (60) days after the Court allows the Motion; and

**ORDERED** that Anchin shall produce a completed privilege log with its document response; and

**ORDERED** that Anchin designate a person or persons with knowledge concerning the documents responsive to the request for documents appended to the motion and willing to attend,

and that each said person shall attend one oral examination to be conducted by counsel for Class Representatives upon fourteen (14) days' notice; and

**ORDERED** that counsel for Class Representatives may issue one or more subpoenas to compel attendance at an oral examination by a person or persons so designated by Anchin as knowledgeable concerning the documents responsive to the request for document sought in said Motion and willing to attend; and

**ORDERED** that Xizhu Bai, W & L Group Construction, Inc. and Sanford Avenue Partner LLC, having filed a statement in support of the Motion, shall be permitted to fully participate in the document response from and oral examinations of Anchin.

**ORDERED** that, notwithstanding the foregoing, for sixty (60) days from the day this Order enters, document responses shall not become due, nor shall Class Representatives examine Anchin or its designated representatives; however, Class Representatives may receive document production and may appear and participate in duly authorized oral examinations conducted pursuant to Fed.R.Bankr.P. 2004 on motions of its co-judgment creditor, Haymarket Capital LLC, in this case.  In other respects, the rights of all affected parties shall be preserved.



**Dated: Central Islip, New York**
**December 6, 2020**

**Robert E. Grossman**
**United States Bankruptcy Judge**