Kravit Partners, LLC
Margarita Y. Ginzburg, Esq.
27 Red Barn Road
Hyde Park, NY 12538
Telephone: 212-252-0550
mginzburg@kravit.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

**Hearing date: April 5, 2021 at 10:00 a.m.**

In re:
MYINT KYAW, a/k/a
JEFFREY WU,
Debtor.
-----------------------------------------------------X

Case No: 820-72407-reg

Chapter 11

**JOINDER IN OBJECTION TO EXEMPTION OF LEGAL MALPRACTICE CLAIM AND MOTION TO ESTOP DEBTOR FROM AMENDING CLAIMS OF EXEMPTION**

TO: THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

Xizhu Bai, W & L Group Construction, Inc. and Sanford Avenue Partner LLC (the "**Creditors**"), creditors of the debtor, Myint Kyaw, a/k/a Jeffrey Wu ("**Debtor**"), through their counsel, Kravit Partners, LLC, do hereby submit this joinder (the "**Joinder**") to the Class Representatives' Objection to Exemption of Legal Malpractice Claim and Motion to Estop Debtor From Amending Claims of Exemption the Objection (the "**Malpractice Claim Exemption Objection**") [**Dkt. # 162**] filed by Chang & Son Enterprises, Inc. and Choo & Company, Inc., representatives of the class certified in Suffolk Superior Court (Massachusetts) C.A. 12-1228 (jointly and severally, the "**Class Representatives**"). In support of this Joinder, the Creditors respectfully state as follows:

1. On July 8, 2020, the Debtor filed a petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of New York.

2. The Debtor filed amended, yet incomplete, Schedules and Statements of Financial Affairs (the "**Schedules**") on multiple occasions, including as late as October 29, 2020. The Debtor filed those Schedules under penalty of perjury. The 341 meeting of creditors was adjourned on multiple occasions because the Debtor was not prepared or because information submitted was incomplete. The 341 meeting was conducted and closed on October 29, 2020; however, the United States Trustee and creditors were left with numerous questions about the Debtor's financial affairs and have been attempting to obtain complete information.

3. A motion for a Rule 2004 examination of the Debtor (the "**Rule 2004 Motion of Wu**") [**Dkt. # 90**] was filed by Haymarket Capital LLC ("**Haymarket**"). The Creditors filed a statement in support of the Haymarket's Rule 2004 Motion of Wu [**Dkt. # 106**]. A motion for a Rule 2004 examination of the Debtor's accountants, Anchin, Block & Anchin LLP (the "**Rule 2004 Motion of Anchin**") [**Dkt. # 121**] was filed by the Class Representatives. The Creditors filed a statement in support of the Class Representative's Rule 2004 Motion of Anchin [**Dkt. # 130**]. By agreement of the parties and an order entered by this Court on December 6, 2020 [**Dkt. # 137**], the Debtor was going to produce documents to, among others, the Creditors. If the Debtor failed to produce documents, Anchin, Block & Anchin LLP would be required to produce documents concerning the Debtor's financial condition. To date, the Debtor has not to produce most of the documents requested.

4. On March 3, 2021, the Debtor amended his schedules once again to include a legal malpractice claim valued at $18,600,000.00 (the "**Malpractice Claim**"). The Debtor attempts to assert an exemption pursuant to NYCPLR § 5205(b) in the interest's full value.

5. The Creditors contacted Debtor's counsel and attempted to obtain additional information concerning the Malpractice Claim and, based on the information provided to date (which is incomplete), believe the Malpractice Claim does not fall within the exemptions contemplated by NYCPLR § 5205(b).

## DISCUSSION

6. The Creditors incorporate the arguments set forth in the Class Representatives' Malpractice Claim Exemption Objection and join in the objection. For the reasons set forth therein, the Creditors respectfully request that the Court deny the Debtor's attempt to claim the Malpractice Claim as exempt and require the Debtor to comply with Local Rule 1009.

## RESERVATION OF RIGHTS AND NOTICE

7. The Creditors expressly reserve their right to amend or supplement this Joinder, to introduce evidence supporting this Joinder at the hearing on the Class Representatives' Malpractice Claim Exemption Objection and to file additional and supplemental documents as the Creditors deem advisable.

8. Notice of this Joinder has been provided to the Office of the United States Trustee, the Debtor's counsel and to all creditors of the Debtor via ECF. In light of the nature of the relief requested, the Creditors submit that no other or further notices need be provided.

9. No previous application for the relief sought herein has been filed before this Court in this case.

**WHEREFORE,** for the reasons set forth in the Joinder, the Creditors hereby request that this Court sustain the Malpractice Claim Exemption Objection and grant such other and further relief as this honorable Court may deem just and proper.

Dated: March 25, 2021
Hyde Park, New York

KRAVIT PARTNERS LLC

By: */s/ Margarita Y. Ginzburg*

Margarita Y. Ginzburg, Esq.
27 Red Barn Road
Hyde Park, NY 12538
Tel: 212-252-0550
mginzburg@kravit.com

*Attorneys for Creditors,*
*Xizhu Bai,*
*W & L Group Construction, Inc. and*
*Sanford Avenue Partner LLC*

**CERTIFICATE OF SERVICE**

I, Margarita Y. Ginzburg, hereby certify that on March 25, 2021, I caused a copy of the foregoing *Joinder to the Malpractice Claim Exemption Objection* to be served electronically through the Court's ECF System upon the registered participants as identified on the Notice of Electronic Filing.

Hyde Park, NY
March 25, 2021

*/s/ Margarita Y. Ginzburg*
Margarita Y. Ginzburg