| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------x<br>In re:<br><br>Myint Kyaw a/k/a Jeffrey Wu,<br><br>                    Debtor.<br>---------------------------------------------------------T-x | Hearing Date and Time:<br>June 9, 2021 at 10:00 a.m.<br><br>Chapter 11<br><br>820-72407-REG |

### STATEMENT OF AMERICAN CHENGYI INVESTMENT MANAGEMENT GROUP, INC. REGARDING THE COURT'S ORDER TO SHOW CAUSE FOR CONVERSION OF THE DEBTOR'S CASE TO CHAPTER 7

American Chengyi Investment Management Group, Inc. ("American Chengyi"), as and for this Position Statement with respect to the Court's Order to Show Cause why the Chapter 11 case filed by Myint Kyaw (the "Debtor") should not be converted to Chapter 7 (ECF #208), respectfully states as follows:

1.     American Chengyi filed Proof of Claim No. 6 against the Debtor in the amount of not less than $28,909,720.09 based upon the Debtor's personal guaranty of loans made by American Chengyi to Debtor's affiliate Victoria Towers Development Corp. ("Victoria Towers"). Victoria Towers is a Chapter 11 debtor in the jointly administered cases *Lucky Star-Deer Park LLC et al.* (Case No. 20-73301) (the "Jointly Administered Cases").

2.     American Chengyi agrees with the Court's assessment that, as of now, the Debtor and Victoria Towers have been unable to propose confirmable plans of reorganization. In fact, American Chengyi filed an objection to Victoria Towers' disclosure statement (Case No. 20-73301, ECF # 99), on the grounds that the disclosures in the Victoria Towers' disclosure statement are incomplete and insufficient and the plan described therein is unconfirmable (the "Objection").

2

3. American Chengyi appreciates the seriousness of the issues raised in the objection of the United States Trustee to the Debtor's disclosure statement (ECF #195) and likewise is concerned by the Debtor's apparent lack of transparency and incomplete reporting.

4. Nevertheless, American Chengyi does not believe that conversion of the Debtor's case to Chapter 7 is in creditors' best interest. American Chengyi believes the Debtor is still in the best position to maximize the value of his assets and the value of the assets of Victoria Towers and the other jointly-administered debtors for the benefit of all creditors. In particular, significant progress has been made in the time since the Objection was filed towards settlement of the Victoria Towers case, and American Chengyi feels that these negotiations could be beneficial to multiple estates. American Chengyi fears that this progress will be undone if the Debtor's case is converted to Chapter 7 on the return date of the Order to Show Cause. Significantly, negotiations have been spearheaded by Debtor's counsel, Marc Pergament. Mr. Pergament would lose that role if his client's case was converted. The Debtor should, therefore, be given additional time to operate in Chapter 11 and propose confirmable plans in this case and in the Jointly Administered Cases, provided he continues negotiating with his creditors in good faith. American Chengyi respectfully requests that the Court refrain from appointing a Chapter 7 trustee at this time, as doing so would not be in the best interest of creditors.

[*Remainder of page intentionally left blank*]

WHEREFORE, American Chengyi Investment Management Group, Inc. respectfully requests that the Court defer on its decision to convert the Debtor's Chapter 11 case to Chapter 7 and enter an Order granting such other relief as is just and proper.

Dated:    Garden City, New York
         June 8, 2021

**MORITT HOCK & HAMROFF LLP**

By */s/ Stephen E. Turman*
    Stephen E. Turman
400 Garden City Plaza
Garden City, New York 11530
Telephone No.: 516-873-2000
Email:  sturman@moritthock.com

*Attorneys for American Chengyi Investment Management Group, Inc.,*