UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

    MYINT KYAW a/k/a,                          Case No.  820-72407-reg
    JEFFREY WU,

                    Debtor.                          Chapter 11

--------------------------------------------------------X

# ORDER FOR APPOINTMENT OF AN EXAMINER

        WHEREAS, Myint Kyaw a/k/a Jeffrey Wu (the "Debtor") having filed a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code on July 8, 2020; and

        WHEREAS, the Debtor having filed a proposed disclosure statement ("Disclosure Statement") on April 9, 2021 (ECF No 173); and

        WHEREAS, on May 19, 2021, the United States Trustee having filed an objection to the adequacy of the Disclosure Statement ("Objection") (ECF No 193), which Objection was joined by the creditors, Bank of America, N.A**. (**ECF No. 199), and Xizhu Bai (ECF NO. 202**)**; and

        WHEREAS, in its Objection the United States Trustee raised concerns regarding the inability to reconcile the information in the Disclosure Statement with the Debtor's financial disclosures in his schedules and his monthly operating reports; and

        WHEREAS, on June 2, 2021, a hearing on the adequacy of the Disclosure Statement was held ("Hearing"), during which the Court directed the Debtor to provide the United States Trustee, no later than June 8, 2021, with all of the information and records requested by the United States Trustee ("Compliance"); and

        WHEREAS, on June 2, 2021, the Court issued its own Order to Show Cause ("OSC") directing the Debtor to show cause why the Debtor's case should not be converted to one under chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. 1112(b) in the event that Compliance was not achieved; and

        WHEREAS, on June 8, 2021, the Debtor having filed an objection to the OSC (ECF No.212); and

        WHEREAS, on June 8, 2021, America Chengyi Investment Management Group, Inc. ("American Chengyi") by its counsel, Stephen E. Turman, Esq., having filed a response to the OSC (ECF No. 226); and

        WHEREAS, on June 8, 2021 Xizhu Bai ("Bai"), Sanford Avenue Partner LLC

("Sanford"), by their counsel, Margarita Y. Ginzburg, Esq., having filed their joint response to the OSC (ECF No. 228); and

WHEREAS, on June 9, 2021, the United States Trustee having filed a letter of status report to the OSC (ECF No. 229) and

WHEREAS, on June 9, 2021, a hearing on the OSC was held ("OSC Hearing") and the Debtor having appeared to show cause why the Debtor's chapter 11 case should not be converted to chapter 7 pursuant to 11 U.S.C. 1112(b); and

WHEREAS, the United States Trustee having appeared by his counsel, Christine H. Black, Esq. and Stan Y. Yang, Esq., in support of conversion of the Debtor's chapter 11 case to one under chapter 7 of the Bankruptcy Code; and

WHEREAS, the Debtor having appeared at the OSC Hearing in opposition to conversion of his case to chapter 7; and

WHEREAS, among other creditors, American Chengyi, Bai and Sanford, having appeared at the OSC Hearing in opposition to conversion of the Debtor's case; and

WHEREAS, at the conclusion of the OSC Hearing, after hearing those parties whose appearances are noted on the transcript and after due deliberation and for good cause shown, the Court found that sufficient grounds existed in support of an appointment of an examiner under 11 U.S.C, 1104(c), it is hereby:

ORDERED, that the United States Trustee is directed to appoint one independent examiner ("Examiner") pursuant to 11 U.S.C. §1104(c); and it is further

ORDERED, that the Examiner is directed to (a) investigate, promptly and in a cost-effective manner: (i) the financial state of the Debtor, his affiliates and entities controlled by the Debtor**;** (ii) any insider transactions impacting the Debtor's financial state; (iii) any transactions with or by affiliates or entities controlled by the Debtor and his affiliates impacting the Debtor's financial state; and (b) otherwise perform the duties of an examiner set forth in 11 U.S.C. 1106(a)(3) and (a)(4) of the Bankruptcy Code (collectively the "Investigation"); and it is further

ORDERED, that the Examiner shall commence his or her Investigation immediately upon the Court's approval of the United States Trustee's appointment of the Examiner; and it is further

ORDERED, that a status conference shall be held with this Court on July 14, 2021 at **10:00 a.m**., or such other date as the Court may schedule, with the Examiner to report with respect to the progress of the Investigation and to set a date for the Examiner to prepare and file a report, as is required by §1106(a)(4); and it is further

ORDERED, that the Debtor, his affiliates, and entities controlled by the Debtor, and any of their respective professionals, shall cooperate fully with the Examiner, and shall meet with the Examiner without the need for a subpoena; and it is further

ORDERED, that to the extent necessary, the Examiner may retain professionals, if he or she determines that such retention is necessary to discharge his or her duties; with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327; and it is further

ORDERED, that the Examiner and any professionals retained by the Examiner pursuant to an order of this Court shall be compensated and reimbursed only upon application to this Court.  Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330; and it is further

ORDERED, that the Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation, and shall be entitled to appear and be heard at any and all hearings in these cases; and it is further

ORDERED, that nothing in this Order shall impede the right of the United States Trustee or any other party to request any other lawful relief, including but not limited to the appointment of a trustee.

Dated: Central Islip, New York
       June 15, 2021

       **Robert E. Grossman**
       **United States Bankruptcy Judge**