**KRISS & FEUERSTEIN LLP**
Jerold C. Feuerstein, Esq.
Daniel N. Zinman, Esq.
360 Lexington Avenue, Suite 1200
New York, NY 10017
(212) 661-2900
(212) 661-9397 – facsimile
jfeuerstein@kandfllp.com
dzinman@kandfllp.com

*Attorneys for 41-60 Main Street LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| Myint Kyaw a/k/a Jeffrey Wu, | Case No. 8:20-72407-REG |
| Debtor. | |

-----------------------------------------------------------x

**41-60 MAIN STREET LLC'S JOINDER IN MEZZANINE LENDER'S (I) OMNIBUS MOTION SEEKING RECONSIDERATION, RECOVERSION OR STAY PENDING APPEAL**

TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

41-60 Main Street LLC (the "Secured Creditor"), by and through its attorneys, Kriss & Feuerstein LLP, respectfully submits this joinder in the omnibus motion [ECF No. 459] (the "Omnibus Motion") of Landmark Portfolio Mezz LLC (the "Mezz Lender"), a creditor of Myint Kyaw a/k/a Jeffrey Wu (the "Debtor"), requesting reconsideration of the order converting this case to chapter 7 (the "Conversion Order"), reconversion of the chapter 7 case back to chapter 11, or alternatively, granting a stay pending appeal, and respectfully states as follows:

**JOINDER**

1. The parties, including the Secured Creditor, have worked diligently and cooperatively to achieve a consensual, confirmable chapter 11 plan. The parties, including the

Secured Creditor, support the Amended Plan filed in this case, which collectively incorporates the stipulations reached amongst the various parties in these cases, and strongly believe that confirmation of the Amended Plan will yield results for creditors far in excess of the results that would be had in a chapter 7 liquidation. It simply is not in the interests of creditors to convert this case. Indeed, the fact that every major creditor involved in these cases has reached agreement and supports the Amended Plan demonstrates this fact clearly. Accordingly, the Secured Creditor joins in the relief sought in the Motion and urges this Court to reverse the Conversion Order or reconvert the case back to chapter 11.

2.  While this case and the underlying cases are in chapter 11, the Debtor (and the underlying property owning debtors) has the stipulations and the assets to be able to confirm the Amended Plan and have it go effective. Under the Amended Plan, the Secured Creditor was prepared to accept a substantially reduced payout, and administrative creditors under the Amended Plan would be paid in full. Likewise, if the Amended Plan were to be confirmed unsecured creditors would receive full payment in accordance with the Amended Plan and the various stipulations. In chapter 7, on the other hand, between the effectively increased claim of the Secured Creditor and the added expenses of a chapter 7 case, this case and the underlying cases could be administratively insolvent. Certainly, unsecured creditors would be far worse off in a chapter 7.

**[THE REMAINDER OF THIS PAGE HAS BEEN LEFT INTENTIONALLY BLANK]**

**WHEREFORE**, the Secured Creditor hereby requests that this Court enter the order requested in the Motion and grant such other and further relief as this honorable Court may deem just and proper.

Dated: New York, New York
       July 8, 2022

                              KRISS & FEUERSTEIN LLP
                              *Attorneys for 41-60 Main Street LLC*

By:    */s/ Jerold C. Feuerstein*
        Jerold C. Feuerstein, Esq.
        Daniel N. Zinman, Esq.
        360 Lexington Avenue, 12th Floor
        New York, New York 10017
        (212) 6661-2900
        (212) 661-9397 – facsimile
        jfeuerstein@kandfllp.com
        dzinman@kandfllp.com