WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Timothy R. Wheeler
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
(212) 490-3038 (facsimile)

*Attorneys for Bank of America, N.A.*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | Hearing date: July 25, 2022 |
| | 9:30 a.m. |
| **MYINT KYAW,** | Chapter 7 |
| Debtor. | Case No. 20-72407 (REG) |

**RESERVATION OF RIGHTS OF BANK OF AMERICA, N.A. IN CONNECTION WITH THE MEZZANINE LENDER'S MOTION FOR RECONSIDERATION AND OTHER RELIEF AND THE PROPOSED DEBTOR'S AMENDED DISCLOSURE STATEMENT AND DEBTOR'S AMENDED PLAN OF REORGANIZATION**

TO:   THE HONORABLE ROBERT E. GROSSMAN
        UNITED STATES BANKRUPTCY JUDGE

Bank of America, N.A. (the "**Bank**"), a creditor of the captioned debtor Myint Kyaw, a/k/a Jeffrey Wu (the "**Debtor**"), through its counsel, Wilson Elser Moskowitz Edelman & Dicker LLP submits this reservation of rights (the "**ROR**") in connection with the *Mezzanine Lender's Motion Seeking the Following Alternate Relief: (i) Reconsideration of the Conversion Order Pursuant to Federal Rules 59 and 60(b) and Local Rule 9023-1; (ii) Reconversion of the Chapter 7 Case Back to Chapter 11 Replete with the Re-Establishment of the Operating Trustee Pursuant to 11 U.S.C. Section 706(b) or (iii) Alternatively Granting a Stay Pending Appeal* (the "**Motion for**

*Reconsideration*") [Doc. No. 459], and the proposed *Debtor's Amended Disclosure Statement* (the "**Amended DS**") [Doc. No. 454] and proposed *Debtor's Amended Plan of Reorganization* (the "**Amended Plan**") [Doc. No. 452], and in support thereof the Bank states as follows:

## BACKGROUND

**The Myint Kyaw Case**

1. On July 8, 2020, the Debtor commenced this case (the "**Kyaw Case**") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

2. On October 29, 2020 at 3:07 p.m., the Debtor submitted amended schedules of assets and liabilities, and statement of financial affairs (the "**Statements and Schedules**"). (*See* Statements and Schedules, Doc. Entry No. 108).

3. Among other things, the Statements and Schedules list a claim for the Bank in the amount of $19,700,000.00. (*See* Statements and Schedules, Section 4.3, page 27 of 52).

4. On December 14, 2020, the Bank filed a proof of claim in the Case (the "**Bank's POC**"), asserting a general unsecured claim in the amount of "not less than $19,992,967.67" plus a yet to be determined swap termination fee (the "**Bank's Kyaw Claim**"), arising from certain defaulted, unpaid obligations (the "**Loan Obligations**") under certain loan documents (the "**Loan Documents**"). *See* 20-72407, Claims Registry, Claim No. 16.

5. On September 17, 2021, pursuant to an Order entered September 14, 2021, the United States Trustee appointed a Chapter 11 operating trustee (the "**Chapter 11 Trustee**")

6. On March 4, 2022, the Chapter 11 Trustee and the Debtor filed the Joint Disclosure Statement (the "**Joint DS**"). (*See* Doc. Entry No. 362).

7. On March 4, 2022, the Chapter 11 Trustee and the Debtor filed the Joint Plan of

Reorganization (the "***Joint Plan***").  (*See* Doc. Entry No. 363).

8. In the Joint DS and Joint Plan, the Chapter 11 Trustee and the Debtor classified the Bank's Kyaw Claim under Class 11 Satisfied General Unsecured Claims and proposed that "no Distributions will be made to Bank of America … on account of [its] General Unsecured Claims against the Debtor.  Except to the extent that Bank of America agrees to less favorable treatment, Bank of America will be paid in full from QERC pursuant to a confirmed Chapter 11 plan in the QERC case."  (*See* Joint DS, p. 6; Joint Plan, pp. 16).

9. In the Joint DS and Joint Plan, the Chapter 11 Trustee and the Debtor describe how the proposed Joint Plan would be funded with a portion of proceeds from proposed exit financing in the principal amount of $170,000,000.00, which exit financing would also fund the plan in the QERC ase.  (*See* Joint DS, pp. 2, 13; Joint Plan, pp. 5, 18).

10. On April 29, 2022, the Court conducted a hearing on confirmation of the Joint Plan (the "***Confirmation Hearing***").  At the Confirmation Hearing, the Court determined, based upon the testimony of the Chapter 11 Trustee, that the Joint Plan was not confirmable, and stated on the record that the Debtor's case would be converted to Chapter 7 if on or before July 6, 2022, the proposed financing required to fund the Joint Plan was not finalized.  (*See* Conversion Order (defined below), p. 2)

11. On July 6, 2022, the Debtor filed the Amended Plan.  (*See* Doc. Entry No. 452).

12. On July 6, 2022, the Debtor filed the Amended DS.  (*See* Doc. Entry No. 454).

13. In the Amended DS and Amended Plan, the Debtor again classified the Bank's Kyaw Claim under Class 11 Satisfied General Unsecured Claims and again proposed that "no Distributions will be made to Bank of America … on account of [its] General Unsecured Claims against the Debtor.  Except to the extent that Bank of America agrees to less favorable treatment,

Bank of America will be paid in full from QERC pursuant to a confirmed Chapter 11 plan in the QERC case." (*See* Amended DS, pp. 5-6; Amended Plan, p. 16).

14. On July 6, 2022, citing that the Chapter 11 Trustee reported to the Court that the proposed financing required to fund the Joint Plan was no longer viable, the Court executed and entered the *Order Converting Case to Chapter 7* (the "**Conversion Order**"). (*See* Conversion Order, Doc. Entry No. 456, p. 2).

15. On July 8, 2022, Landmark Portfolio Mezz LLC (the "***Mezz Lender***") filed the Motion for Reconsideration seeking, among other things, reconsideration of the Conversion Order and related relief.

**The QERC Case**

16. On November 3, 2020, the Debtor, as principal of Queen Elizabeth Realty Corp. ("***QERC***"), commenced single asset real estate case number 20-73327 (the "***QERC Case***") by filing a voluntary petition for relief under the Bankruptcy Code in this Court.

17. On November 6, 2020, QERC submitted amended schedules of assets and liabilities, and statement of financial affairs (as modified and amended, the "***QERC Statements and Schedules***"). (*See* QERC Statements and Schedules, 20-73327 Doc. Nos. 1, 8).

18. Among other things, the QERC Statements and Schedules list a secured claim for the Bank in the amount of $19,700,000.00. (*See* QERC Statements and Schedules, 20-73327 Doc. No. 8, Section 2.1, page 1 of 3).

19. On December 3, 2020, QERC filed a motion seeking to have the QERC Case jointly administered with three (3) other, affiliated cases, which motion the Court granted by order entered January 14, 2021, consolidating the four (4) cases under lead case number 20-73301. (*See* Case No. 20-73327, Doc. No. 34).

20. On December 14, 2020, the Bank filed a proof of claim in the QERC Case, asserting a secured claim in the amount of "not less than $19,978,987.47" plus, among other things, a yet to be determined swap termination fee, interest accruing since the Petition Date, and further attorneys' fees and costs (the "**Bank's QERC Claim**") arising from the same Loan Obligations and Loan Documents as described in the Bank's Kyaw Claim. (*See* Case No. 20-73301, Claims Registry, Claim No. 2).

21. As acknowledged by QERC, the Bank's QERC Claim is secured by a mortgage on certain real property. (*See* QERC Amended Disclosure Statement (Defined Below), p. 7; p. 11).

22. On March 3, 2022, QERC filed its proposed Amended Disclosure Statement (the "**QERC Amended Disclosure Statement**"). *See* 20-73327, Doc. No. 42.

23. On March 3, 2022, the QERC filed its proposed Amended Plan (the "**QERC Amended Plan**"). (*See* Case No. 20-73327, Doc. No. 44).

24. The QERC Amended Disclosure Statement and QERC Amended Plan list the amount of the Bank's QERC Claim as "approximately $19,978,897.47" and propose to pay the Bank "in full as to its allowed claim as agreed by and between the parties." (*See* QERC Amended Disclosure Statement, p. 7; p. 11; QERC Amended Plan, p. 9).

25. The QERC Amended Disclosure Statement and QERC Amended Plan state that recoveries projected thereunder shall "arise from the Debtor's refinance of the real property" thereafter described as the "Invictus Exit Financing" in the gross principal amount of $170,000,000.00. (*See* QERC Amended Disclosure Statement, p. 7; p. 13; QERC Amended Plan, p. 12).

26. Upon information and belief, to date, QERC has not submitted a further amended disclosure statement and/or a further amended plan of reorganization.

27. Upon information and belief, as stated by the Chapter 11 Trustee on the record at the Confirmation Hearing, the "Invictus Exit Financing" is no longer viable.

28. Upon information and belief, to date, QERC has not obtained a commitment for exit financing from any other lender.

## MOTION FOR RECONSIDERATION

29. The Bank takes no position in regard to the Motion for Reconsideration.

## RESERVATION OF RIGHTS

30. In the event that the Court determines to vacate the Conversion Order or otherwise determines to re-convert the Kyaw Case back to Chapter 11, the Bank expressly reserves and preserves all available rights and remedies including, without limitation, the right to (i) object to the adequacy of the Debtor's Amended DS; and/or (ii) object to the treatment of the Bank's Kyaw Claim under the Debtor's Amended Plan and/or (iii) assert any other objection to the Debtor's Amended DS and/or Amend Plan and/or any other disclosure statement or plan submitted in the Kyaw Case.

31. In the event that for any reason the secured Bank's QERC Claim is not paid in full in the QERC Case (other than with the Bank's consent), the Bank shall take the position that the Bank is entitled to an unsecured deficiency claim in the Kyaw Case.

32. The Bank expressly reserves and preserves all available rights and remedies, including without limitation the right to assert other and further arguments at the hearing on the Motion for Reconsideration, and/or in connection with the Debtor's Amended DS and/or in connection with the Debtor's Amended Plan.

[Signature page to follow.]

Dated:   July 18, 2022

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

        /s/ *Timothy R. Wheeler*
Timothy R. Wheeler
150 E 42nd Street
New York, New York 10017
(212) 490-3000
(212) 490-3038 (facsimile)
timothy.wheeler@wilsonelser.com

*Attorneys for Bank of America, N.A.*

## CERTIFICATE OF SERVICE

I, Timothy R. Wheeler, hereby certify that on July 18, 2022, I caused a copy of the foregoing *Reservation of Rights of Bank of America, N.A. in Connection With the Mezzanine Lender's Motion for Reconsideration and Other Relief and the Proposed Debtor's Amended Disclosure Statement and Debtor's Amended Plan of Reorganization* to be served electronically through the Court's CM/ECF electronic case management system upon the registered participants as identified on the Notice of Electronic Filing.

Dated:   July 18, 2022

/s/ *Timothy R. Wheeler*
Timothy R. Wheeler