| | |
|---|---|
| **LaMONICA HERBST & MANISCALCO, LLP**<br>*Counsel to Lori Lapin Jones, Esq., Chapter 7 Trustee*<br>3305 Jerusalem Avenue – Suite 201<br>Wantagh, New York 11793<br>Telephone: (516) 826-6500<br>Salvatore LaMonica, Esq.<br>Holly R. Holecek, Esq. | Relates to a Hearing on October 3, 2022 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                                    Chapter 7

MYINT KYAW a/k/a JEFFREY WU,                        Case No.: 8-20-72407-reg

                Debtor.
--------------------------------------------------------x

### STATEMENT IN CONNECTION WITH THE MEZZANINE LENDER'S SUPPLEMENTAL MOTION AMENDING THE PENDING MOTION TO CONVERT THE CHAPTER 7 CASE TO A CASE UNDER CHAPTER 11

TO THE HONORABLE ROBERT E. GROSSMAN,
UNITED STATES BANKRUPTCY JUDGE:

      Lori Lapin Jones, Esq., the Chapter 7 Trustee ("Trustee") of the estate of Myint Kyaw a/k/a Jeffrey Wu ("Debtor"), by her undersigned counsel, submits this statement in connection with the supplemental motion ("Supplemental Motion") of Landmark Portfolio Mezz LLC ("Landmark Mezz") amending Landmark Mezz's pending motion to convert the Chapter 7 case to a case under Chapter 11 ("Original Motion"), and respectfully represents as follows:

### PRELIMINARY STATEMENT

      By the Supplemental Motion, Landmark Mezz supplements its pending motion which seeks conversion of the Debtor's case to Chapter 11. In support of its Supplemental Motion, Landmark Mezz addresses comments and concerns raised by the Court at the hearings conducted on July 25, 2022 and August 22, 2022 by a superseding stipulation of settlement ("Form

1

Stipulation")[1] and a Creditor's Proposed Plan of Reorganization ("Creditor's Proposed Plan")[2] which, among other things, do not provide for any releases of the Debtor or any insiders of the Debtor.

The Trustee previously concluded that creditors would receive payments far sooner under a confirmed Chapter 11 plan than in a Chapter 7 liquidation and expressed a willingness to assist in the confirmation of a Chapter 11 plan that gives the Debtor's creditors the optimal outcomes they seek. The Trustee continues to believe that the Debtor's creditors fare better under a confirmed Chapter 11 plan than in a Chapter 7 liquidation. However, the Debtor's case should only be converted if a Chapter 11 plan can contemporaneously be confirmed and promptly go effective. Indeed, the Trustee supports conversion and providing Landmark Mezz with an opportunity to confirm the Creditor's Proposed Plan (as may be amended or supplemented) provided that certain conditions are met, including that: (i) the Trustee has on hand sufficient cash to fully fund the Creditor's Proposed Plan, which includes receipt by the Trustee of the REIT Proceeds (as defined below); and (ii) all impaired creditors have confirmed their support of confirmation of the Creditor's Proposed Plan and/or any objections have been resolved by agreement or Order of the Court.

Accordingly, the Trustee respectfully requests that conversion occur if and when the Creditor's Proposed Plan (as may be amended or supplemented) can be confirmed and promptly go effective, which the Trustee believes can occur in the near future.

---

[1]  Comments have not yet been provided to the Form Stipulation and the Trustee reserves all rights.

[2]  Comments of the Trustee to the Creditor's Proposed Plan were provided on an expedited basis prior to the filing of the Supplemental Motion, which comments were incorporated by Landmark Mezz. The Trustee may have additional comments to the Creditor's Proposed Plan and reserves all rights.

**BACKGROUND**

1. By Order dated and entered July 6, 2022 ("Conversion Order"), the Court converted the Debtor's case from Chapter 11 to Chapter 7. See ECF No. 456.

2. Lori Lapin Jones, Esq. was appointed as interim Chapter 7 trustee of the Debtor's estate. See ECF No. 457. By operation of law, Lori Lapin Jones, Esq. became the permanent Chapter 7 trustee of the Debtor's estate.

3. By the Original Motion, Landmark Mezz seeks reconsideration of the Conversion Order and conversion of the Debtor's Chapter 7 case back to Chapter 11 or, in the alternative, a stay pending appeal. See ECF No. 459. Creditors 41-60 Main Street LLC, Haymarket Capital, LLC, Sanford Avenue Partner LLC, American Chengyi Investment Management Group, Inc., Crown Mansion, LLC and Chi-Ming Fan support the Original Motion. See ECF Nos. 462, 463, 464, 468, 479.

4. On July 18, 2022, a reservation of rights with respect to the Original Motion and the Debtor's proposed new plan and disclosure statement was filed on behalf of Bank of America, N.A. ("BofA"). See ECF No. 474.

5. On July 25, 2022 and August 22, 2022, the Court conducted evidentiary hearings on the Original Motion. See ECF Nos. 510, 520.

6. By motion dated September 16, 2022 ("Redemption Motion"), the Trustee seeks entry of an Order authorizing and approving, inter alia, an initial redemption of certain limited partnership units of GTJ Realty, LP ("GTJ") representing the equivalent of 1,400,000 shares for the sum of $16,800,000 ("REIT Proceeds"). See ECF Nos. 526, 533. Pursuant to an Order of the Court, the Redemption Motion is returnable on October 3, 2022. See ECF No. 528. As reflected in the Redemption Motion, GTJ required approximately 60 days from the date of the Redemption

Motion (i.e., until November 15, 2022) to effectuate the initial redemption.[3]

7.  On September 20, 2022, the Supplemental Motion seeking conversion of the Debtor's case to Chapter 11 was filed with the Court. See ECF No. 529.

## **CHAPTER 7 TRUSTEE'S POSITION**

8.  Confirmation of a consensual Chapter 11 plan remains a superior result for the Debtor's creditors than a Chapter 7 liquidation for several reasons including that plan confirmation results in waivers of distributions of over $200 million in filed claims, reductions of over $17 million of filed claims, and distributions far sooner than in a liquidation. Most importantly, however, distributions to creditors pursuant to a consensual Chapter 11 plan will either be in full or in agreed-to reduced amounts. By contrast, it is likely that creditors will receive inferior distributions in Chapter 7, and any such distributions will not be in 2022 (and likely not in 2023). Conversion without contemporaneous confirmation of a consensual Chapter 11 plan that promptly can go effective, however, is not in the best interests of the estate or its creditors. Currently, to ensure that the plan can confirm and promptly go effective, two important steps must be taken.

9.  First, there should be sufficient cash to fully fund the Creditor's Proposed Plan (as may be amended or supplemented) before the Debtor's case is converted to Chapter 11. The sources of funding for the Creditor's Proposed Plan are: (a) the REIT Proceeds; (b) a $3.3 million cash contribution (which the Trustee is currently holding in the estate); and (c) cash on hand as of the effective date. See ECF No. 529-5 at 4.01. To the extent the Court approves the relief requested in the Redemption Motion, the Trustee anticipates that the redemption will occur by November 15, 2022. Thus, the Trustee should be in a position to confirm by mid-November 2022 (or before) when she expects there will be sufficient cash to fund the Creditor's Proposed Plan (as may be

---

[3]   Trustee's counsel is informed that the redemption may occur sooner than 60 days.

amended or supplemented).[4]

10. <u>Second</u>, conversion should be delayed until all impaired creditors confirm their support of the Creditor's Proposed Plan and/or any objections have been resolved by agreement or Order of the Court. Most of the Debtor's creditors (who are impaired under the Creditor's Proposed Plan) supported conversion. BofA did not. <u>See</u> ECF No. 474. Under the Creditor's Proposed Plan, a condition precedent to the effective date is that either: (a) the Court has entered an Order estimating the general unsecured claim of BofA at $0.00 for distribution in this case and no stay of that order is in effect; or (b) the Court has entered an order confirming a Chapter 11 plan of reorganization in the Queen Elizbeth Realty Corp. case. <u>See</u> ECF No. 529-5 at 6.02(d). No motion to estimate the claim of BofA has been filed with the Court in this case, and there is a pending Order to Show Cause why the Queen Elizbeth Realty Corp. case should not be dismissed or converted to a case under Chapter 7 for cause. <u>See</u> Case No.: 20-73327, ECF No. 60. BofA seeks dismissal. <u>See</u> <u>id</u>. at ECF No. 63. Conversion of the Debtor's case without a resolution of the treatment of BofA's claim in this case is not in the best interests of the estate or its creditors.

11. The Trustee is hopeful that the remaining steps to confirmation and going effective can be achieved within the next few weeks at which time conversion is the favored outcome. But if the Creditor's Proposed Plan (as may be supplemented or amended) cannot be confirmed and promptly go effective, conversion of the case makes little sense and will only result in further delay, increased administrative fees and expenses and procedural uncertainty.

---

[4] The Trustee is continuing to review numbers as time passes. The Trustee also notes that when she files the 2021 estate tax return (which must be filed by October 15, 2022), she will have a firmer handle on the tax attributes available to set off gains on the redemption.

## CONCLUSION

12. Confirmation of the Creditor's Proposed Plan (as may be amended or supplemented) results in a better outcome for the Debtor's creditors than liquidation in a Chapter 7. However, the Debtor's case should only be converted when that plan is ready to be confirmed and can promptly go effective, which the Trustee believes is achievable.

Dated: September 29, 2022
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO, LLP**
Counsel to Lori Lapin Jones, Esq., Chapter 7 Trustee

By: *s/ Holly R. Holecek*
Holly R. Holecek, Esq.
Salvatore LaMonica, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Telephone: (516) 826-6500